

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**Maria "Phoebe" Harless,**

      Plaintiff,

v.                                                          CASE NO.: 2:12-1480

**Charles McCann**, individually and as a
County Commissioner of Lincoln County, West Virginia;
**Thomas Ramey, Jr.**, individually and as a
County Commissioner of Lincoln County, West Virginia;
**Dr. Charles Vance** individually and as a
County Commissioner of Lincoln County, West Virginia;
**Judy Johnson**, individually and as
Secretary to the County Commission of Lincoln County, West Virginia;
**Donald Whitten**, individually and as
Clerk of the County Commission of Lincoln County, West Virginia;
**Jerry Bowman**, individually and as
Sheriff of Lincoln County, West Virginia;
**Rocky Adkins**;
**The County Commission of Lincoln County, West Virginia**, and
**West Virginia Counties Group Self Insurance Risk Pool,** Surety on Bonds of Charles McCann, Thomas Ramey, Jr., Dr. Charles Vance, Donald Whitten, and Jerry Bowman,

      Defendants.

## COMPLAINT FOR DAMAGES UNDER TITLE 42 UNITED STATES CODE, § 1983 AND TITLE 28 UNITED STATES CODE, § 1367

1. This case arises under the United States Constitution, and under Title 42 of the United States Code §1983

2. The jurisdiction of this Court is conferred by Title 28, United States Code §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over the state law claims alleged in this complaint pursuant to Title 28 United States Code § 1367.

## CLAIM FOR DAMAGES UNDER UNITED STATES CODE TITLE 42, SECTION 1983

4. Maria "Phoebe" Harless is now, and at all times relevant to this civil action has been, a citizen and resident of Lincoln County, West Virginia.

5. Beginning on or about January 2, 2010, and continuing until at least August 16, 2010, the natural persons named above as defendants acted individually or in conspiracy with each other under color of statute, ordinance, regulation, custom, or usage of the State of West Virginia and subjected Maria "Phoebe" Harless, a citizen of the United States, to the deprivation of rights and privileges secured to her by the Constitution of the United States of America, including, but not by way of limitation, her rights to procedural and substantive due process and equal protection of the laws secured to her by the Fourteenth Amendment of the Constitution of the United States of America.

The factual basis upon which Maria "Phoebe" Harless seeks relief pursuant to Title 42 of the United States Code § 1983 against the natural persons named above as defendants is as follows:

6. During the May 11, 2010, primary election held in Lincoln County, West Virginia, Maria "Phoebe" Harless was a candidate for the Democratic nomination for the office of County Commissioner of Lincoln County, West Virginia.

7. During the May 11, 2010, primary election held in Lincoln County, West Virginia, Thomas Ramey, Jr., was a candidate for the Democratic nomination for the office of County Commissioner of Lincoln County, West Virginia.

8. When the polls closed in Lincoln County, West Virginia, at the end of Primary Election Day, May 11, 2010, Maria "Phoebe" Harless had won the election for

2

nomination to the office of County Commissioner of Lincoln County based on votes cast in person at the polls or through the system of in-person early voting.

9.  On May 27, 2010, the County Commission of Lincoln County, West Virginia, sitting as a Board of Canvassers, following a recount of all absentee ballots voted in the primary election for the Democrat nomination for the office of County Commissioner of Lincoln County, West Virginia, certified the results of said election and declared Thomas Ramey, Jr., to be the winner of that nomination.

10. Maria "Phoebe" Harless timely initiated an election contest proceeding pursuant to the laws of the State of West Virginia challenging the manner in which absentee ballots were collected and voted in the May 11, 2010, Lincoln County Democratic primary election.

11. As hereinabove set forth, Maria "Phoebe" Harless was deprived of her rights to due process and equal protection of the laws secured to her by the Fourteenth Amendment of the Constitution of the United States of America in prosecuting that election contest to a successful conclusion by virtue of the actions of the Defendants as hereinafter set forth

12. The manner in which absentee ballots were collected and voted in the May 11, 2010, Lincoln County Democratic primary election race for the County Commission nomination was illegal and unlawful and the result of a conspiracy between the above-named defendant office holders in the Lincoln County Courthouse, with the exception of the defendant Vance, affiliated with a political action committee named "Lincoln County Democratic Committee", hereinafter referred to as "LCDC."

13. The LCDC was a factional political action group that existed in Lincoln County, West Virginia, separate and apart from the Lincoln County Democratic Executive Committee, which is an official arm of the organized Democratic Party in the State of West Virginia.

14. The LCDC was formed and carried out its activities during the May 11, 2010, primary with the same treasurer as the Lincoln County Democratic Executive Committee, namely defendant Judy Johnson who also served as secretary to Charles McCann in his capacity as president of the Lincoln County Commission.

15. The first three contributors of $1,000 each to the LCDC commencing on March 17, 2010, were (1) Charles S. McCann, President of the Lincoln County Commission; (2) Donald C. Whitten, the County Clerk and chief elections officer of Lincoln County, West Virginia, and a candidate for the nomination for re-election in the May 11 primary; and (3) Jerry R. Bowman, the currently serving Sheriff of Lincoln County, West Virginia, and a candidate for the nomination for the office of Lincoln County Circuit Clerk during the May 11 primary election.

16. Thereafter, commencing on April 5, 2010, additional $1,000 donations were made to the LCDC by candidates and family members of candidates who were seeking the endorsement or "slating" of the LCDC.

17. Commencing in March 2010, the sitting Sheriff of Lincoln County, West Virginia, Jerry Bowman, the County Clerk and chief elections officer of Lincoln County, Donald Whitten, a sitting County Commissioner of Lincoln County, Thomas Ramey, Jr., and other political operatives, including a man named Rocky Adkins who had previously been convicted of felonious misconduct regarding elections in Lincoln County, visited in the homes of a select group of Lincoln County residents residing primarily in precincts 13, 14, 15, 16, 20, 30, 31 and 32 for the purpose of having those individuals sign applications for absentee ballots despite the fact that Adkins, Bowman, Whitten and Ramey had actual knowledge that the reasons given for the voting of absentee ballots by mail set forth in those applications were false.

18. Jerry Bowman, the Sheriff and chief law enforcement officer of Lincoln County, in violation of the provisions of Chapter 3, Article 3 of the W. Va. Code, personally completed as many as 84 applications for absentee ballot by mail to be signed by individuals he had selected; many of these were completed in the presence of Lincoln County Clerk Donald Whitten who was then given the applications for absentee ballots to take to the courthouse.

19. None of these applications disclosed that assistance was provided to the voter; many of these applications contained knowingly false statements regarding the reasons given by voters for requesting absentee ballots by mail.

20. Despite the fact that defendant County Clerk Whitten had actual knowledge of the irregularities relative to the soliciting of applications for absentee ballots by mail by himself, Bowman, Ramey and Adkins, Clerk Whitten took these applications back to the Lincoln County Courthouse or otherwise directed their return to the Lincoln County Courthouse and then caused official ballots to be mailed from his office to the applicant voters, including many voters for whom Whitten had actual knowledge of false statements on the absentee ballot applications.

21. In many cases, Bowman, Whitten, Ramey and Adkins approached multiple members of large families and solicited from them applications for absentee ballots by mail based upon false or incomplete applications that were transmitted in various methods to the Lincoln County Courthouse and official ballots then mailed to the voter.

22. Bowman, Whitten, Ramey and Adkins instituted a practice of calling or visiting the voters whom they had solicited for absentee ballot applications to see if official ballots had been received; Bowman, Whitten, Ramey and Adkins would then go to the homes of these voters and even be present while the voter actually marked their ballot; Bowman, Ramey, Whitten and Adkins would then take the official ballots from the absentee voter and carry them off supposedly for delivery to the Courthouse.

23. Despite having actual knowledge of this course of unlawful conduct, defendant County Clerk Whitten failed to perform any of his statutory duties as a chief elections officer of Lincoln County, West Virginia, and declined and refused to challenge any of the absentee ballots voted based upon applications for absentee ballots by mail that he and Bowman and Ramey and Adkins had solicited.

24. As a result of the conspiracy that existed within the LCDC, directed primarily by County Commission president Charles McCann and his secretary Judy Johnson, applications for absentee ballots by mail were solicited exclusively from residents of Lincoln County who were within the control of or sympathetic to candidates endorsed by the LCDC.

25. After the May 11 primary, the LCDC paid three individuals named Dewayne Morris, Joseph Clark and Ricky Maynard to work as political operatives on election day, despite the fact that candidates endorsed by the LCDC had solicited applications to vote absentee ballots on behalf of these individuals; Mr. Maynard was paid $50.00 to "haul voters" despite the fact that he has no drivers license and does not own a car; Thomas Ramey, Jr., came to Mr. Maynard's home and assisted him with completing his application for absentee ballot which listed no reason; Dewayne Morris's application for absentee ballot was completed by Sheriff Bowman and signed by Mr. Morris' mother, giving a reason of "employment which because of hours worked and distance from the county makes voting in person impossible", despite the fact that Mr. Morris was unemployed and has been totally disabled and confined to a wheelchair for 42 years; Mr. Clark gave employment as a reason for absentee ballot despite the fact that he actually works in Lincoln County for the Lincoln County Public Service District and lives approximately 200 yards from the polling place.

26. On April 14, 2010, a political advertisement was placed in the Lincoln Journal Newspaper by the LCDC misrepresenting itself to be the Lincoln County

Democratic Party, containing pictures of its favored slate of candidates and a "Suggestion List Primary Election 2010" with a slate of candidates set forth.

27. At the time of the May 11 primary election, Lincoln County had an estimated population of 22,100 people; 6,733 total votes were cast in the primary election; 835 applications for absentee ballots were submitted to Clerk Whitten's office and 621 absentee ballots by mail were counted.

28. In the six largest counties bordering Lincoln County—Logan, Cabell, Putnam, Kanawha, Boone and Wayne—more than 454,000 people reside. Fewer applications for absentee ballots were submitted in these six counties combined than in Lincoln County alone; even though there were 64,022 votes actually cast in the May 11 primary in these six counties, there were fewer absentee ballots voted in all these counties together than in Lincoln County alone.

29. Every candidate pictured by the LCDC in its newspaper advertisement and slated by the LCDC for the office of State Senate, Circuit Clerk, County Commission, County Clerk, and House of Delegates in the 19th delegate district received hundreds of absentee votes by mail and in amounts so disproportionate to those not slated by the LCDC as to demonstrate a statistical impossibility of such results without the injection of some improper bias into the election process. By way of illustration, Senator Jeff Eldrige received 617 votes while his nearest opponent received 73; Jerry Bowman received 511 votes while his nearest opponent received 62; Thomas Ramey, Jr., received 545 votes while his nearest opponent received 59; Donald Whitten received 537 votes while his nearest opponent received 35; Josh Stowers, Rupert Phillips, Ted Tomblin and Greg Butcher received a combined 1,315 votes while their four competitors received a combined 456.

30. The voting of absentee ballots in the May, 2010 primary election in Lincoln County was the result of irregularities in the conduct of the election and of such fraud or misconduct as prevented the expression of the will of the voters of Lincoln

County, undermined the organic processes by which candidates are elected and undermined the integrity of the election process to such a degree that it rendered the 2010 Lincoln County primary election fundamentally unfair.

31. In the May 11, 2010, Lincoln County primary election, 121 voters submitted applications for absentee ballot by mail due to alleged absence from the county throughout the period and available hours for voting because of business or personal travel that did not comply with the law by setting forth an address outside of Lincoln County for the ballot to be mailed.

    a. W. Va. Code §3-3-1(b)(2)(A) provides that registered and qualified voters are authorized to vote an absentee ballot by mail when a registered or qualified voter is "absent from the county throughout the period and available hours of voting because of personal or business travel";

    b. W. Va. Code § 3-3-5(c)(4) says that the official designated to supervise and conduct absentee ballot voting, in this case the County Clerk of Lincoln County, shall, before mailing an official ballot, determine that the address to which the ballot is to be mailed is an address outside the county if the voter applies to vote by mail because of absence from the county throughout the period and available hours for voting in person because of personal or business travel.

32. Despite the failure of these 121 absentee ballot applications to comply with the law, defendant Whitten, the County Clerk of Lincoln County, both mailed official ballots to in-county addresses and, thereafter, failed to challenge the ballots which were submitted by the voter in response to the unlawful applications.

33. The statements made in support of an application for an absentee ballot by mail submitted by the above-named voters were not true; those voters were not

8

authorized by law to vote an absentee ballot by mail in the May 11, 2010, Lincoln County primary election.

34. W. Va. Code §3-3-1(b)(2)(C) provides that registered and qualified voters may vote an absentee ballot by mail based upon "employment which because of hours worked and distance from the county seat make voting in person impossible" only when such conditions of employment persist throughout the entire period and available hours for voting in person.

35. In the May 11, 2010, Lincoln County primary election, 429 voters submitted applications for absentee ballot by mail based upon their alleged absence from the county throughout the entire period and available hours for voting in person because of employment which because of hours worked and distance from the county seat made voting in person impossible.

36. Upon information and belief, the statements made by these 429 voters in support of their application for absentee voting by mail were not true; these voters were not authorized by the reason given to vote an absentee ballot by mail; defendant Whitten, the County Clerk of Lincoln County, acting in conspiracy with the other individuals named as defendants except for defendant Vance, did not challenge or cause to be challenged any of the official ballots submitted by the above-named voters despite the fact he knew that those persons were not authorized to vote an absentee ballot by mail.

37. W. Va. Code §3-3-1(b) provides specific enumerated reasons authorizing registered or qualified voters to vote an absentee ballot by mail; W. Va. Code § 3-3-5(c) says that the County Clerk of Lincoln County shall determine that those requirements have been met prior to permitting the voting of an absentee ballot by mail.

38. During the May 11, 2010, Lincoln County primary election, 34 voters submitted applications for absentee voting by mail and were provided with official ballots

in response thereto despite the fact that no reason was given in the application for voting an absentee ballot by mail.

39. Defendant Whitten, the County Clerk of Lincoln County, acting in conspiracy with the other named individual defendants other than defendant Vance, did not challenge any of these ballots despite the complete failure of these voters to comply with W. Va. Code §3-3-1 and W. Va. Code §3-3-5.

40. W. Va. Code §3-3-5(a) provides that a voter applying to vote an absentee ballot "shall complete and sign the application in his or her own handwriting or, if the voter is unable to complete the application because of illiteracy or physical disability, the person assisting the voter and witnessing the mark of the voter shall sign his or her name in the space provided".

41. A majority of the applications for absentee ballot by mail identified above were unlawfully completed because they were not completed by the voter in his or her own handwriting.

42. Jerry Bowman, Thomas Ramey, Jr., Donald Whitten and an individual named "Rocky" Adkins, and other operatives whose identity is now unknown to the plaintiff who acted in conspiracy with these four individuals, completed most of the applications for absentee ballot by mail for the voters hereinabove listed, including marking the reasons in support of those applications and then simply presenting the completed applications to voters for signature without indicating in any manner that assistance to the voter had been provided.

43. The applications for absentee ballot by mail submitted by 102 voters appear not only to have been completed by someone other than the voter, but to have been marked on the signature line with an "x" telling the voter where to sign their name.

44. Despite the obvious deficiencies in these applications, Defendant Whitten, the County Clerk of Lincoln County, acting in conspiracy with the other individual named defendants, except for defendant Vance, did not challenge any of the ballots submitted in response to these applications.

45. The widespread irregularities in the applications for absentee ballot by mail readily apparent in over 600 of these applications constitute a plan or scheme by the individual defendants named herein other than Vance, acting for themselves or in conspiracy with each other, to obtain large numbers of official ballots from the County Clerk that could then be voted in accordance with a slate of candidates endorsed by the LCDC, including Donald Whitten, Jerry Bowman and Thomas Ramey, Jr., and returned to the office of the Donald Whitten, County Clerk of Lincoln County, where these ballots would be accepted without challenge.

46. This was done for the purpose of injecting unlawful and inappropriate candidate bias into the election for the nomination for the office of County Commission of Lincoln County, West Virginia, in the May 11, 2010, Lincoln County primary election, so as to prevent the free expression of the will of the voters of Lincoln County and to deprive the plaintiff of her constitutional rights to due process and equal protection of the law.

47. W. Va. Code § 3-3-5(f) provides that a person voting an absentee ballot by mail shall "mark the ballot alone" unless assistance is provided to the voter in compliance with W. Va. Code §3-3-6.

48. No assistance can be provided to a voter in voting an absentee ballot by mail unless a declaration for the need of assistance is made by the voter at the time of application for a ballot and unless an affidavit of the person providing assistance is submitted.

49. A large majority of the absentee ballots by mail presented by the individual voters identified in the several preceding paragraphs were not marked by the voter while alone but were marked by the voter while in the presence of Donald Whitten or Jerry Bowman or Thomas Ramey, Jr., or "Rocky" Adkins, acting in conspiracy in locations such as restaurants in Harts Creek, garages in Hamlin, automobiles and trucks parked at various locations throughout Lincoln County and in private homes, all for the purpose of unlawfully directly or indirectly seeking to persuade or induce the voter to vote for a particular candidate or candidates in the May 11, 2010, primary election and to deprive the plaintiff of her constitutional rights to due process and equal protection of the law.

50. The process of voting absentee ballots by mail during the May 2010 Lincoln County primary was so contaminated by the misconduct of the named individual defendants other than Vance, the LCDC and its candidates and contributors, including the malfeasance of Donald C. Whitten as the County's chief elections officer and Jerry Bowman as the County Sheriff, that it corrupted the entire process of absentee voting in the May 11, 2010, Lincoln County primary election and deprived the plaintiff of her constitutional rights to due process and equal protection of the law.

51. In 2000 defendant Vance was elected as a County Commissioner of Lincoln County, West Virginia, as a resident of Magisterial District 5.

52. Between 2000 and 2006 defendant Vance moved his residence from Magisterial District 5 to Magisterial District 3, being fully aware at the time he made that move that there was another sitting County Commissioner in Lincoln County representing Magisterial District 3.

53. In 2006 defendant Vance again sought election as a County Commissioner of Lincoln County, West Virginia, and did so by filing a false statement in support of his candidacy saying that he still resided in Magisterial District 5 and was therefore qualified to seek and take office as a County Commissioner of Lincoln County, West Virginia,

despite the fact that there was another sitting County Commissioner who was a resident of Magisterial District 3, the district in which Vance actually resided at the time he filed a certificate of candidacy in 2006.

54. Between January 2, 2010, and August 16, 2010, Vance, acting in his official capacity as a County Commissioner of Lincoln County, West Virginia, actively concealed the fact that he was a resident of Magisterial District 3, that being the same magisterial district in which the plaintiff resided, thereby concealing from the plaintiff the fact that she could be disqualified as a candidate for the office of County Commission because she was relying on the false certificate of candidacy previously filed by Vance for the election of 2008.

55. At the time of the May 11, 2010 primary election in Lincoln County, West Virginia, both defendants Vance and Ramey were aware that Vance resided in Magisterial District 3 and the fact that Vance's residence within Magisterial District 3 would result in the disqualification of the plaintiff were she to prevail in her contest of the primary election and her candidacy for the Democrat nomination for the office of County Commissioner.

56. Both Ramey and Vance, acting in their official capacities of County Commissioners of Lincoln County, West Virginia, voted for the purchase of election supplies, ballots, the employment and payment of poll workers, certification of election results and participation in a recount while concealing from the plaintiff the fact that Vance's false certificate of candidacy would disqualify the plaintiff from prosecuting her contest of the election for the nomination to the office of County Commissioner to a successful conclusion.

57. The conduct of defendants, Ramey and Vance, in actively concealing Vance's false certificate of candidacy and the fact that Vance's true residence would serve as a basis to disqualify the plaintiff from the successful prosecution of her election contest for the nomination for the office of County Commissioner in Lincoln County was

willful on their behalf and undermined the organic processes by which candidates are elected and so undermined the integrity of the electoral process that it rendered the election and election contest fundamentally unfair.

58. When Ramey and Vance finally disclosed the fact that Vance had resided in Lincoln County Magisterial District 3, the plaintiff was disqualified by the presiding court from further prosecuting to a successful conclusion her election contest and deprived of the candidacy as a Democrat nominee for the office of County Commissioner, but only after she had expended tens of thousands of dollars in an effort to overturn the fundamentally unfair results of the 2011 primary election as hereinabove set forth.

## STATE LAW CLAIMS OVER WHICH THIS COURT HAS SUPPLEMENTAL JURISDICTION PURSUANT TO TITLE 28 OF THE UNITED STATES CODE, § 1367

59. The conduct of the named defendants other than Vance as aforesaid was directed specifically toward the plaintiff with the purpose of depriving the plaintiff of the Democrat nomination for the office of County Commission of Lincoln County, West Virginia, so that the serving Sheriff of Lincoln County, West Virginia, Jerry Bowman, could occupy the office of Circuit Clerk and create a vacancy in the Sheriff's office for Lincoln County that could then be filled by the named defendants through the appointment by the County Commission of a convicted felon named Jerry Weaver who had formerly served as Assessor of Lincoln County, West Virginia, prior to being sent to federal prison for election law committed in Lincoln County, West Virginia.

60. The conduct of the named defendants directed specifically toward the plaintiff was outrageous, unconscionable and such as would shock the conscience of any reasonably prudent human being.

61. In addition to action under color of statute, ordinance, regulation, custom, or usage of the State of West Virginia to deprive the plaintiff of her rights to due process

and equal protection of the law guaranteed her by the Fourteenth Amendment to the Constitution of the United States, the conduct of the named defendants amounted to the intentional infliction of mental and emotional distress, humiliation, and embarrassment upon the plaintiff.

62. The defendants Charles McCann, Thomas Ramey, Jr., Dr. Charles Vance, Jerry Bowman and Donald Whitten in their official capacities as County Commissioners for Lincoln County West Virginia, the Sheriff of Lincoln County, West Virginia, and Clerk of the County Commission of Lincoln County, West Virginia, respectively took oaths of office upon their election or appointment to those offices providing that each of the named individuals would duly and faithfully carry out their duties to elective office in accordance with the Constitution and laws of the state of West Virginia.

63. In accordance with the provisions of West Virginia Code §6-2-10, each of these individuals was required to give a bond in the sum established by law assuring that each would duly and faithfully carry out their duties in accordance with the Constitution or laws of the state of West Virginia with said bonds to be secured by a surety to secure to those who might be affected by the duties of these individuals in the performance of their official duty the faithful performance of the duties of their office or, damages for the breach thereof.

64. As is set forth above, each of the individuals named, Charles McCann as president of the Lincoln County Commission, Thomas Ramey, Jr., as County Commissioner of Lincoln County, Dr. Charles Vance as County Commissioner of Lincoln County, Donald Whitten as Clerk of the County Commission of Lincoln County, and Jerry Bowman as Sheriff of Lincoln County, failed to faithfully and dutifully perform their duties with regard to the May 2010 primary election in Lincoln County, West Virginia.

65. The defendant West Virginia Counties Group Self Insurance Risk Pool is surety on the bonds given by the defendants McCann, Ramey, Vance, Whitten and

Bowman and is, therefore, liable to the plaintiff for any damages she has suffered as a result of the failure of these defendants to perform the duties of their office in accordance with their oaths and the condition of their respective bonds.

66.     Insofar as any one or more of the defendants is an employee of a political subdivision, they are not entitled to the benefit of immunity, if any, afforded by *West Virginia Code* §29-12A-5 because their acts or omissions as herein alleged were done with a malicious purpose, in bad faith and in a wanton and reckless manner.

## PLAINTIFF'S DAMAGES

67.     As a direct and proximate result of the acts and omissions of the defendants as alleged herein, the plaintiff has incurred attorney fees and expenses to overcome the willful conduct of the defendants relative to the Lincoln County primary election of 2010 in the amount of $57,100.44.

68.     As a further direct and proximate result of the conduct of the defendants as alleged herein, the plaintiff has suffered in the past humiliation, embarrassment, emotional distress, aggravation, annoyance and inconvenience.

69.     The defendants' conduct as alleged involves reckless and callous indifference to the plaintiff's federally protected rights and was motivated by both an evil motive and intent such that an award of punitive damages to the plaintiff is justified in this case.

Based on the conduct of the defendants, the plaintiff asks that she be awarded a sum of money as compensatory damages against the defendants, or any of them, in an amount sufficient to compensate her for the harm and damages she has suffered, for an additional award of punitive damages in an amount sufficient to punish and chastise the defendants and to deter such conduct from these defendants or others similarly situated in

the future, for appropriate pre and post judgment interest, for her costs expended in the prosecution of this case and, if proper, for an award of attorney fees.

                MARIA "PHOEBE" HARLESS

                BY COUNSEL

_____
Harvey D. Peyton, Esquire (#2890)
Peyton Law Firm, PLLC
2801 First Avenue
P. O. Box 216
Nitro, WV 25143
Telephone: (304) 755-5556
Fax: (304) 755-1255
**Counsel for Maria "Phoebe" Harless**