## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MARIA PHOEBE HARLESS,

        Plaintiff,

v.                              CIVIL ACTION NO.   2:12-cv-01480

CHARLES MCCANN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants Charles McCann, Thomas Ramey Jr., Dr. Charles Vance, Judy Johnson, and the County Commission of Lincoln County, West Virginia's Motion to Dismiss [Docket 12].   For the reasons discussed below, this motion is **GRANTED**.

**I.     Background**

This case arises from allegations by the plaintiff, Maria Phoebe Harless, that the defendants conspired and engaged in misconduct relating to the 2010 primary and election for Lincoln County Commissioner.  The complaint names the following defendants:   Charles McCann, individually and in his capacity as Lincoln County Commissioner; Thomas Ramey Jr., individually and in his capacity as Lincoln County Commissioner; Dr. Charles Vance, individually and in his capacity as Lincoln County Commissioner; Judy Johnson, individually and in her capacity as Secretary to the Lincoln County Commission; Donald Whitten, individually and in his capacity as Sherriff of Lincoln County; Jerry Bowman, individually and as Sheriff of Lincoln County, West Virginia; Rocky Adkins; The County Commission of Lincoln County ("County Commission"); and the

West Virginia Counties Group Self Insurance Risk Pool as surety on the bonds of defendants McCann, Ramey, Vance, Whitten, and Bowman.

According to the complaint, both Harless and Thomas Ramey Jr. were candidates in the May 11, 2010 primary election seeking the Democratic nomination for the office of County Commissioner of Lincoln County, West Virginia. (Compl. ¶ 6). When the polls closed on May 11, 2010, Harless had received more in-person votes than Ramey. (*Id.* ¶ 8). Following a recount of absentee ballots, however, Thomas Ramey Jr. was declared to have won the nomination. (*Id.* ¶ 9). Harless initiated an election contest challenging the manner in which the absentee ballots were collected, but was ultimately disqualified as a candidate based on reasons allegedly relating to her residency. (*Id.* ¶ 10; Pl.'s Resp. Mot to Dismiss [Docket 14], at 2).

The complaint alleges that the manner in which absentee ballots were collected and voted in the May 11, 2010 primary "was illegal and unlawful and the result of a conspiracy between [the defendants]." (*Id.* ¶ 12). Harless alleges that defendants Bowman, Ramey, Whitten, and Adkins "visited the homes of a select group of Lincoln County residents . . . for the purpose of having those individuals sign applications for absentee ballots despite the fact that [the defendants] had actual knowledge that the reasons given for the voting of absentee ballots by the mail set forth in those applications were false." (*Id.* ¶ 17). The complaint alleges that the actions of the defendants ultimately "rendered the election and election contest fundamentally unfair." (*Id.* ¶ 57).

Defendants McCann, Ramey, Vance, Johnson, and the County Commission filed the instant motion, seeking to dismiss the claims against them for failure to state a claim upon which

relief can be granted. The plaintiff has responded, and the defendants have filed a reply. This motion is now ripe for review.

**II.      Legal Standard**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n] that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The *Iqbal* court suggested a two-pronged inquiry to determine if the complaint survives a motion to dismiss as set forth by *Iqbal*, which I will follow here. First, I will identify any pleadings that are not entitled to the assumption of truth because they are conclusory and unsupported by factual allegations. *See Iqbal*, 129 S. Ct. at 1949-50. Where there are well-pleaded factual allegations, I will assume the veracity of those facts and then determine whether they plausibly give rise to a valid claim for relief. *See id.*

## III. Discussion

The defendants argue that the claims against McCann, Ramey, Vance, and Johnson in their official capacities must be dismissed because the real party in interest is the County Commission, and claims against the County Commission are barred by the West Virginia Tort Claims Insurance Reform Act. The plaintiff argues that her claims should not be dismissed, but does not provide any legal explanation for her position.

A lawsuit against a government official in his or her official capacity is a suit against the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the

entity"). Accordingly, claims against the individual officials in their official capacities are claims against the County Commission.

The West Virginia Tort Claims Insurance Reform Act ("Tort Claims Act") limits the circumstances under which a political subdivision is liable in a civil action for "injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision." W. VA. CODE § 29-12A-4(b)(1). Specifically, the Tort Claims Act provides that a political subdivision cannot be held liable unless the "loss to persons or property [is] caused by the negligent performance of acts by their employees while acting within the scope of employment." W. VA. CODE § 29-12A-4(b)(1), (c)(2). The complaint does not allege that McCann, Ramey, Vance, or Johnson acted negligently within the scope of his or her employment. Rather, the complaint alleges that the defendants engaged in a conspiracy, and acted "with malicious purpose, in bad faith and in a wanton and reckless manner." (Compl. ¶ 66). Accordingly, the claims against McCann, Ramey, Vance, and Johnson in their official capacities are barred by the West Virginia Tort Claims Act and are hereby **DISMISSED**. *See, e.g.*, *Mallamo v. Town of Rivesville*, 197 W. Va. 616 (1996) (holding that a town was immune from liability for conspiracy and intentional misconduct by its employees).

All of the factual allegations in the complaint relate to the conduct of individual defendants. As explained above, the County Commission is not liable under West Virginia law for intentional acts of its employees. Additionally, there is no respondeat superior liability under 42 U.S.C. § 1983, and the complaint does not allege a policy, custom, or other action attributable to the County Commission. Accordingly, the claims against the County Commission are hereby **DISMISSED**.

## IV. Conclusion

For the reasons discussed above, the court **GRANTS** the defendants' motion and **ORDERS** that the claims against defendants McCann, Ramey, Vance, and Johnson in their official capacities and against the County Commission of Lincoln County, West Virginia are hereby **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 4, 2012

                      _____
                      Joseph R. Goodwin, Chief Judge