IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIA PHOEBE HARLESS,

            Plaintiff,

v.                                    CIVIL ACTION NO. 2:12-cv-01480

CHARLES MCCANN, et al.,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending are three motions to dismiss and the plaintiff's motion for leave to file an amended complaint. The motions to dismiss are: the defendant Jerry Bowman's motion to dismiss [Docket 24]; the defendant Donald Whitten's motion to dismiss [Docket 31]; and the defendants Judy Johnson, Charles McCann, Thomas Ramey Jr., The County Commission, and Charles Vance's motion to dismiss [Docket 48]. The plaintiff, Maria Harless, has also made a motion for leave to file an amended complaint for damages and equitable relief under 42 U.S.C. § 1983 [Docket 37]. The parties have responded to these motions and made their replies [Docket 14, 38, 45, 47, 54, 55, 56, and 57], rendering the motions ripe for review. For the reasons discussed below, the motion to amend is **GRANTED** and the motions to dismiss are **GRANTED**.

    **I.**      **Background**

This case arises out of the plaintiff's allegations that defendants engaged in various acts of electoral misconduct in relation to the May 11, 2010 Democratic primary election for Lincoln County Commissioner. In the original complaint, the plaintiff asserted a claim under 42 U.S.C. § 1983 for the deprivation of a constitutional right, a state law tort claim for intentional infliction of emotional distress, and a state law claim based on the bond required by W. VA. CODE § 6-2-10 to assure that county officials faithfully discharge their duties. [Docket 1]. The state law claims do not appear in the amended complaint. (Amended Compl., [Docket 37]). Because I am granting the motion to amend, the state law claims are deemed to be dropped. *See* Wright & Miller, et al., 6 *Federal Practice and Procedure* § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

The plaintiff was a candidate for the May 11, 2010 Democratic primary election for County Commissioner of Lincoln County, West Virginia. (Amended Compl., [Docket 37], ¶ 52). Defendant James Ramey Jr. was an opposing candidate in the primary election. (*Id.* at ¶ 53). The plaintiff alleges that when the polls closed on May 11, 2010, she had won the election based on the votes cast in person at the polls or through early voting. (*Id.* at ¶ 54). But on May 27, 2010, the County Commission of Lincoln County (with defendant McCann as its president and defendant Johnson as its secretary) certified the results and declared Thomas Ramey Jr. to be the winner of the nomination following a recount of all absentee ballots voted in the primary election. (*Id.* at ¶¶ 55, 57). The absentee ballot count was 545 votes in favor of defendant Ramey, and 59 votes in favor of the plaintiff. (*Id.* at ¶ 55).

The plaintiff alleges that the absentee ballots were collected and voted illegally, alleging that defendants Bowman (as Sheriff of Lincoln County), Whitten (as County Clerk of Lincoln County), and Ramey solicited absentee ballot applications in-person and had knowledge or

should have had knowledge that there were inaccurate reasons given in those applications to meet the authorization requirements of voting by absentee ballot. (*Id.* at ¶ 23). She alleges that 429 voters submitted applications for absentee ballots by mail based on their falsely alleged absence from the county during in-person voting, and these voters were then wrongfully allowed to vote by mail. (*Id.* at ¶¶ 32–33). Also, 34 voters submitted applications for absentee voting by mail and were provided with official ballots despite the fact that no reason was given for voting the absentee ballot by mail. (*Id.* at ¶ 34). Whitten allegedly did not challenge any of these ballots despite the fact that he knew or should of known of the voters' failure to comply with W. VA. CODE § 3-3-1 and § 3-3-5. (*Id.* at ¶ 35).

As a result of the manner in which the absentee ballots were collected and voted, the plaintiff alleges that she was deprived of her rights to due process and equal protection of the laws secured to her by the Fourteenth Amendment of the Constitution of the United States of America. (*Id.* at ¶ 59).

Furthermore, the plaintiff alleges that defendant Vance filed a false statement in support of his candidacy which indicated that he resided in Magisterial District 5 when he actually resided in Magisterial District 3. (*Id.* at ¶¶ 61–62). This was apparently done because there was another sitting County Commissioner who was a resident of Magisterial District 3 and this fact would disqualify him from the race. (*Id.*) The plaintiff alleges that both Ramey and Vance had knowledge of and actively concealed Vance's false certificate of candidacy and the fact that Vance's true residence would serve as a basis to disqualify the plaintiff. (*Id.* at ¶ 66). She alleges that this was grossly negligent or willful on their behalf and undermined the organic processes by which candidates are elected and so undermined the integrity of the electoral process that it rendered the election and election contest fundamentally unfair. (*Id.*)

The state circuit-court judge presiding over the plaintiff's contestation of the election dismissed the case as moot, stating that the plaintiff was disqualified as a candidate from the start because she resided in the same magisterial district as a sitting Commissioner. (*Id.* at ¶¶ 63, 67).[1]

Based on these facts, the plaintiff seeks relief under 42 U.S.C. § 1983.

## II.   Legal Standard

### a.  Motion to Amend

If a party's pleading is one to which a responsive pleading is required, that party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). The plaintiff's motion for leave to amend her complaint was filed on September 28, 2012; therefore, the plaintiff can amend her complaint as a matter of course with respect to the defendant Whitten, who filed his Rule 12(b)(6) motion to dismiss on September 26, 2012. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (holding that it was an abuse of discretion to deny an amendment as a matter of course even if the amendment would have been futile). With respect to the other defendants, in the absence of their written consent, the plaintiff may only amend her complaint with this court's leave, which should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2).

The plaintiff's amended complaint has added a request that this court "award her a measure of damages that best suits the purposes of her equitable remedy as an innocent party who has suffered harm at the hands of wrongdoers." (Amended Compl., [Docket 37], at ¶ 71). She asks "that she be awarded such equitable relief by the [c]ourt as will make her whole and do justice between the parties." (*Id.*) Also, she has removed her request for punitive damages and

---

[1] The court takes judicial notice of *In re: The May 11, 2010, Primary Election, Democratic Nomination for Office of County Commission of Lincoln County, West Virginia*, Civil Action No. 10-C-75 (Cir. Ct. of Lincoln County, West Virginia, August 13, 2010) (Order). [Docket 26].

her state law claims. Although the amended complaint could be denied as futile with respect to all defendants but Whitten, granting the motion to amend the complaint would have the same end result in this case because the amendment does not change the disposition of the motions to dismiss. Therefore, the plaintiff's motion for leave to amend her complaint is **GRANTED**.

### b. Rule 12(b)(6) Motions to Dismiss

The defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Id.* at 677–78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

Although the motions to dismiss were directed at the original complaint, I do not find it necessary to require the parties to file new motions just because an amended complaint was introduced while the motions were pending. *See U.S. ex. rel. Constructors, Inc. v. Gulf Ins. Co.*,

313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (stating that under such circumstances a "court may consider the motion[s] as being addressed to the amended pleading") (citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476, at 558 (2d ed. 1990)). The third edition of Wright and Miller also favors this view, and other district courts within this circuit have held the same. 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2012); *see also Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012) (stating that to deny the motion to dismiss without prejudice to refile would be a "useless exercise and contrary to the notion of judicial economy"); *see also Keith v. U.S. Airways, Inc.*, 994 F. Supp. 692, 692 n.1 (M.D.N.C. 1998) (adopting the reasoning in Wright and Miller).

### III. Discussion

The plaintiff's § 1983 claim is not entitled to relief on its face. Even if the elements of a § 1983 claim have been met, the United States Court of Appeals for the Fourth Circuit has held that "federal courts are not available for awards of damages to defeated candidates." *Hutchinson v. Miller*, 797 F.2d 1279, 1280 (4th Cir. 1986). This is precisely what the plaintiff is seeking in this suit. (Amended Compl., [Docket 37], at 17). Although the plaintiff also seeks some "equitable relief," which the court in *Hutchinson* stated may give rise to a cognizable cause of action under § 1983 in "rare and extraordinary circumstances," the plaintiff makes no specific request of this court's equitable powers, and she conflates her request for an equitable remedy with her request for damages. (*Id.* at ¶ 71). Such a vague and apparently confused request for this court to use its equity powers, combined with the fact that the plaintiff brought this suit two years after the election in dispute, does not nearly rise to the extraordinary circumstances contemplated by *Hutchinson* which would give a right to relief.

The Fourth Circuit in *Hutchinson* provided many powerful reasons against federal courts' involvement with electoral disputes. For instance, the state has provided that contests for county office are to be resolved by county courts. 797 F.2d at 1284 (citing W. VA. CODE § 3-7-6). Furthermore, West Virginia courts have "election mandamus" powers by which they may "compel any [election] officer . . . to do and perform legally any duty [] required of him." *Id.* (citing W. VA. CODE § 3-1-45). The state "has enacted legislation designed to control "[p]olitical campaign contributions, receipts and expenditures of money, advertising, influence and control of employees, and other economic, political and social control factors incident to . . . elections." *Id.* at 1285 (citing W. VA. CODE § 3-8-1). There are criminal sanctions available under West Virginia law "for those found to have filed false returns, tampered with ballots, bought or sold votes, and the like." *Id.* (citing W. VA. CODE §§ 3-9-1 to 3-9-24). Thus, there are state-created avenues for dealing with the conduct at issue in terms of remedies for the wronged and punishment for the wrongdoers.

If the federal courts were available to hear all state election disputes under § 1983 based on a plaintiff's generic prayer for equitable relief in its complaint, all of the concerns in *Hutchinson* would still exist without any tangible change in the calculus. There is still the potential intrusion on the states' procedures and the accompanying federalism concerns, the possibility of inconsistent judgments concerning elections, the erosion of the finality of election results, and the danger that a cause of action in federal court would provide incentive to bypass established state procedures. *Id.* But without class-based discrimination in the election process or overly restrictive state election laws, or an allegation on par with these constitutional concerns, the benefit of a federal court stepping in to moderate election disputes is far outweighed by the dangers to our very political system. *See id.* at 1280 (providing examples of when federal courts

are available to guard the electoral process). As *Hutchinson* recognized, "[t]he legitimacy of democratic politics would be compromised if the results of elections were regularly to be rehashed in federal court." *Id.*

As in *Hutchinson*, the plaintiff Harless attempted to use the election contest procedure to no avail. *See id.* The state circuit-court judge found that the plaintiff was "barred from ascending into office even if she could otherwise prevail in the instant election contest" because she lived in the same Magisterial District as a sitting County Commissioner. (Order Granting Summ. J. Resp., Thomas Ramey, Jr., [Docket 26], at 7). The judge also found that from 2001 until early 2010, defendant Vance's residences were within the plaintiff's magisterial district and were properly indicated on his 2006 certificate of candidacy. (*Id.* at 2). Even if the plaintiff made a specific request for an injunction, and the request was made in a more timely fashion, the claim would still fail for implausibility because she was legally ineligible for the seat she was running for.

In consideration of the foregoing, I **FIND** that the plaintiff has failed to state a claim upon which relief can be granted.

## IV. Conclusion

The plaintiff's motion for leave to file an amended complaint for damages and equitable relief under 42 U.S.C. § 1983 [Docket 37] is **GRANTED**. Defendant Jerry Bowman's motion to dismiss [Docket 24] is **GRANTED**. Defendant Donald Whitten's motion to dismiss [Docket 31] is **GRANTED**. Defendants Judy Johnson, Charles McCann, Thomas Ramey Jr., The County Commission, and Charles Vance's motion to dismiss [Docket 48] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 15, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE